IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

RED CLIFF BAND OF LAKE SUPERIOR
CHIPPEWA INDIANS,

    Plaintiff,                                                      ORDER

    v.                                                             18-cv-828-wmc

BAYFIELD COUNTY, WISCONSIN,

    Defendant.
_____

Plaintiff Red Cliff Band of Lake Superior Chippewa Indians filed a motion for summary judgment, but inexplicably failed to file required proposed findings of facts, which defendant Bayfield County, Wisconsin, pointed out in its opposition brief and plaintiff now unapologetically acknowledges in its reply. While the court understands plaintiff's position that this case may turn on legal, rather than factual determinations, this hardly excuses ignoring a basic requirement for seeking summary judgment, particularly since the court must obviously have *some* factual basis to interpret the caselaw. For example, plaintiff argues that the facts in this case are distinguishable from two cases from the Northern District of New York, but the court can hardly assess this argument without an understanding of the undisputed facts.

Indeed, plaintiff essentially acknowledged that certain facts were essential to understanding its argument by submitting with its original motion an affidavit with attached exhibits signed by its Assistant Tribal Attorney and Zoning Administrator. (Williams Aff. (dkt. #12).) The purpose of proposed findings -- and why it is much more

1

than "elevating form over substance" as plaintiff's counsel suggests -- is to force the parties to confront each material fact and determine whether and where there are disputes. Plaintiff's counsel -- from a firm that practices frequently in this court, even if some of the named attorneys on the brief do not -- should not only have been aware of this requirement, but, at minimum, should have addressed this lapse at the time defendant pointed it out in its opposition brief, rather than waiting until its reply.

Still, the court is reluctant to deny a motion without reaching the merits based on this careless, if important, oversight. As half-heartedly proposed by plaintiff's counsel, therefore, the court will treat Williams' affidavit as plaintiff's proposed findings of fact, and will provide defendant with an opportunity to respond to each of those numbered paragraphs. That response is due on or before October 11, 2019. As a sanction, plaintiff will be given no opportunity for the standard reply.

After a cursory review of the parties' submissions, the court also notes that oral argument may be helpful. That argument will be held on November 21, 2019, at 1:00 p.m. The parties should also hold the trial date of January 29, 2020, if necessary.

Entered this 27th day of September, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge